## REZNIK et v GADOMSKI

Ohio Appeals, 9th Dist, Summit Co

No 2061.   Decided Feb 26, 1932

Wm. D. Kury and Arthur S. Mottinger, Akron, for plaintiffs in error.

Carl M. Myers, Akron, and W. M. Giffen, for defendant in error.

540

WASHBURN, J.

There is a sharp conflict in the evidence, but in view of the law applicable to the undisputed facts, we do not deem it necessary to specifically refer to the disputed facts; and for the purposes of this opinion we adopt the view of the evidence most favorable to Gadomski.

The Reznik property was owned jointly by Dan and Stella Reznik, but the contract for the exchange of their property for the property of Gadomski was not signed by Mrs. Reznik.

The contract was signed on Jan. 13, at which time Dan Reznik paid to Gadomski $200, to apply upon said $700 and on the same day or early the next day, Gadomski delivered to Reznik the possession of said store, and then on the 17th of January, Mr. and Mrs. Reznik moved into and took possession of the balance of the Gadomski premises, and on the 19th the Rezniks moved out of said property and back into their own property and delivered the keys of the Gadomski property to Gadomski and refused to complete the contract.

At no time did Gadomski take possession of the Reznik property. During the time that Reznik had possession of said store, he operated the same, and after the store was turned back to Gadomski, Gadomski continued to operate the same and was operating it at the time of the trial in the Common Pleas Court. There was never any inventory taken of the value of the goods in said store, and there was no evidence offered tending to establish either the quantity or the value of the goods at the time they were delivered to Reznik, nor at the time he returned the store to Gadomski, nor at the time when the court made the order granting specific performance.

A consideration of the record leads us to the conclusion that the court was not justified in entering a decree of specific performance, for two reasons:

First, because Mrs. Reznik, who was a part-owner of the Reznik property, did not sign said contract, and Gadomski did not take possession of the Reznik property under said contract, and there was no evidence of any facts which would take the case out of the statute of frauds so far as Mrs. Reznik was concerned. The taking of possession of the Gadomski property by the Rezniks would not operate to take the case out of the statute of frauds so as to justify the court in ordering Mrs. Reznik to join in a deed of their property. To accomplish that result, the taking of possession should have been of the Reznik property by Gadomski.

The second reason why specific performance should not have been granted in this case is that there is no evidence that at the time specific performance was ordered, Gadomski could perform his part of the contract by delivering to the Rezniks the property which he agreed to deliver; part of that property was a stock of goods in a store, which store, at the time specific performance was ordered, Gadomski had been operating for many months, and of course the property which he then had on hand in said store was not the same property he agreed to deliver to the Rezniks. Even if other property could have been substituted for the property agreed to be delivered, there was no evidence that the property in the store at the time of trial was of the same kind and value as Gadomski agreed to deliver, and in the bill of sale which the trial court directed the Rezniks to accept, there was no description of the property in said store except the fixtures.

It is fundamental that, where one party seeks performance against another, he must show, as a condition precedent to his obtaining the remedy, that he has done or is then ready and willing to do all the essential and material acts required of him by the agreement, and if he cannot himself substantially perform, he is not entitled to an order compelling the other party to specifically perform.

Whatever damages Gadomski may be entitled to recover against Dan Reznik for a breach of said contract, he clearly was not entitled to specific performance, and the judgment of the Common Pleas Court will therefore be reversed and the cause remanded to that court, with instructions to deny specific performance and give Gadomski leave, if he so desires, to file an amended petition setting forth a cause of action at law for damages for breach of said contract, and for such further proceedings as may be authorized by law.

PARDEE, PJ, and FUNK, J, concur.